IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Colin P. Murphy,** ) <br> ) <br> **Petitioner,** ) <br> ) <br> v. ) <br> ) <br> **Commissioner of the Internal Revenue Service,** ) <br> ) <br> **Respondent.** ) <br> ) <br> ) | No. <br><br> Judge <br><br> Magistrate Judge _____ |

## PETITION TO QUASH SUMMONS

Petitioner, Colin P. Murphy, by his attorneys Chuhak & Tecson, P.C., brings this Petition in accordance with 26 U.S.C.A. § 7609(b) to quash the two Summonses issued by the Commissioner of the Internal Revenue Service, one to American Chartered Bank and one to The Colin Murphy Trust, Michael Murphy and Lester Detterbeck Trustees, and asserts as follows:

1. This court has jurisdiction over this matter pursuant to 26 U.S.C.A. § 7609(h) because the persons or entities to be summoned reside in the Northern District of Illinois.

2. Venue is proper in this district because the persons or entities summoned reside here.

3. This Petition was filed within 20 days after notice of the Summonses and served upon all required parties.

4. Petitioner is a party entitled to notice of the Summonses.

5. The Commissioner of the Internal Revenue Service (the "Commissioner") has issued two Summonses allegedly related to its investigation of Petitioner. The Commissioner issued a Summons to American Chartered Bank, a true and correct copy of which is attached as Exhibit A. The Commissioner issued a Summons to The Colin Murphy Trust, Michael Murphy

and Lester Detterbeck Trustees, a true and correct copy of which is attached as Exhibit B. Pursuant to 26 U.S.C.A. § Section 7609, Petitioner moves to quash these Summonses.

### SUMMONS TO AMERICAN CHARTERED BANK

6. The Summons issued to American Chartered Bank seeks testimony and documents relating to The Colin Murphy Trust as well as The Christopher Murphy Trust and The Kevin Murphy Trust. Page 1 of the Summons seeks the following documents and testimony regarding The Colin Murphy Trust:

1. **Loan documents, applications, financial statements, appraisals**
2. **Loan account statements**
3. **Correspondence and email**
4. **Trust documents showing the power of direction and beneficial interest**
5. **Copies of all checks issued (front and back)**
6. **Copies of all payments to loans (front and back)**
7. **Records of all electronic payments to loans (front and back).**

Page 2 of the Summons seeks the following documents and testimony regarding The Colin Murphy Trust:

1. **The documents establishing the trust**
2. **All documents pertaining to the governance of the trust**
3. **All bank records pertaining to the trust bank accounts**
4. **Records of minutes for any and all trustee meetings**
5. **Correspondence between you and other trustees, trustors, beneficiaries and any other persons involved with the trust(s)**
6. **Correspondence with attorneys working on behalf of the trust(s)**
7. **All records pertaining to property in which the trust(s) have an interest**
8. **Insurance records**

7. Any monies allegedly owed by Petitioner to Respondent would be owed individually by Petitioner. The Colin Murphy Trust, a true and correct copy of which is attached hereto as Exhibit C, provides in Article I, Section 3, that Colin P. Murphy can only withdraw monies from his trust after he turns age 30. Petitioner is only 24 years old (his date of birth is October 16, 1985). Therefore, Petitioner will not be entitled to withdraw any monies from his

972914\1\14634\27896

trust for another six years. Respondent has no ability to collect any funds from The Colin Murphy Trust and therefore information about it is irrelevant. Exhibit C hereto responds to items #1 and #2 on page 1 and item #4 on Page 2 of the Summons (information contained in the trust document). Petitioner objects to the remainder of the items sought in the Summons on the basis that they are not reasonably related to the Respondent's investigation of Petitioner and are not legitimately sought by Summons. Petitioner also objects to the production of correspondence with attorneys (item #6 on Page 2) due to the attorney-client privilege.

8. In *U.S. v. Powell*, 379 US 48, 57 (1964), the U.S. Supreme Court reviewed the enforcement of a summons issued by the Commissioner and held that the Commissioner must show that the investigation is conducted for a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Internal Revenue Code have been followed. Respondent cannot show that the documents being sought in the two Summonses at issue are for a legitimate, relevant purpose to its investigation.

9. In addition to the information sought about The Colin Murphy Trust, Pages 1 and 2 of the Summons to American Chartered Bank seek testimony and documents from The Christopher Murphy Trust and The Kevin Murphy Trust. Christopher Murphy is Petitioner's brother and Kevin Murphy is Petitioner's father. Respondent cannot seek to collect any monies alleged owed by Petitioner from his brother's trust or his father's trust because Petitioner is not a current beneficiary of either trust. Therefore, documents concerning The Christopher Murphy Trust or The Kevin Murphy Trust lack a rational connection to Respondent's investigation of Petitioner and are not legitimate requests.

10. Petitioner requests that the Court quash the Summons to American Chartered Bank in its entirely. Petitioner does not object to American Chartered Bank producing The Colin Murphy Trust, The Christopher Murphy Trust or The Kevin Murphy Trust to the Respondent.

### SUMMONS TO COLIN MURPHY TRUST, MICHAEL MURPHY & LESTER DETTERBECK TRUSTEES

11. Respondent has also issued a Summons to The Colin Murphy Trust-Michael Murphy and Lester Detterbeck Trustees (Exhibit B).

12. Page 1 of the Summons requests testimony and the following documents concerning the Colin Murphy Trust:

1. **Beneficiary**
2. **Power of Direction**
3. **Corpus of the trust**
4. **Records of all loans from December 31, 2000 to the present**
5. **All Bank statements.**

Exhibit C hereto provides the information sought in items #1 and #2. For the same reasons as expressed previously, Petitioner objects to the production of documents or testimony about the remaining items sought in the Summons because they are not legitimately related to the Respondent's investigation of Petitioner and are irrelevant. Petitioner is not entitled to obtain funds from his trust until age 30, which is approximately six years away.

13. On Page 2 of the Summons, Respondent requests testimony and the production of the following documents:

1. **The documents establishing the trust**
2. **All documents pertaining to the governance of the trust**
3. **All bank records pertaining to the trust bank accounts**
4. **Records of minutes for any and all trustee meetings**
5. **Correspondence between you and other trustees, trustors, beneficiaries and any other persons involved with the trust(s)**
6. **Correspondence with attorneys working on behalf of the trust(s)**
7. **All records pertaining to property in which the trust(s) have an interest**
8. **Insurance records**

Exhibit C complies with items 1 and 2 above. Petitioner objects to the production of the remaining documents or testimony about them because they lack any legitimate relation to the Respondent's investigation for the reasons previously stated.

14. Petitioner requests that the Summons to The Colin Murphy Trust, Michael Murphy and Lester Detterbeck Trustees, be quashed in its entirety.

WHEREFORE, Petitioner Colin P. Murphy requests that the Court quash the Summons issued to American Chartered Bank and the Summons issued to The Colin Murphy Trust, Trustees Michael Murphy and Lester Detterbeck Trustees.

Petitioner Colin P. Murphy

By: /s Carri A. Conlon
One of his Attorneys

Carri A. Conlon #6257116
CHUHAK & TECSON, P.C.
30 S. Wacker Drive, Suite 2600
Chicago, IL 60606
(312) 444-9300