10/20/2006  10:03   8479916511        DETTERBECK                         PAGE  02

Exhibit 1-J
Doc. No. 656-06

# THE COLLIN MURPHY TRUST

I, KEVIN P. MURPHY, of Oak Brook, Illinois, as settlor, make this agreement with MICHAEL MURPHY, of Woodridge, Illinois, and LESTER G. DETTERBECK, of Inverness, Illinois, as trustee, this 16th day of March, 1995.

I hereby transfer to the trustee the property listed in the attached schedule. That property and all investments and reinvestments thereof and additions thereto are herein collectively referred to as the "trust estate" and shall be held upon the following trusts:

FIRST: The trust estate shall be held as a single trust for the benefit of my child, COLLIN MURPHY, and shall be disposed of as follows:

SECTION 1: I or any other person may make contributions to the trust at any time or times. For purposes of this agreement, the term "contribution" means any transfer of property to the trust for federal gift tax purposes, including property initially transferred to the trust or subsequently added thereto. The amount of a contribution shall be its value for federal gift tax purposes.

COLLIN may withdraw the first $20,000 of contributions (or $10,000 of contributions if I am not then married) which are made to his trust during any calendar year. By granting these withdrawal rights I intend that contributions to the trust shall qualify for the federal gift tax annual exclusion as gifts of present interests.

With respect to each contribution made to the trust during a calendar year:

No. 1011  P. 3                                  2006 3:51PM   Blumberg No. 5208   EXHIBIT C

10/20/2006 10:03  8479916511  DETTERBECK  PAGE 03

(i) The trustee shall notify COLLIN of his withdrawal right with respect to the contribution. The trustee may give notice after each contribution, once annually for all contributions made during the calendar year, or otherwise as the trustee deems advisable, but in no event later than December 31 of the calendar year.

(ii) COLLIN's withdrawal right with respect to a contribution shall lapse 30 days after the trustee mails, delivers or otherwise gives notice to COLLIN, but in no event later than December 31 of the calendar year.

COLLIN may exercise a withdrawal right only by written request delivered to the trustee. The trustee shall make payment pursuant to a written request in cash to the extent practicable, otherwise from other trust property selected by the trustee.

The succeeding provisions of this agreement shall be subject to the terms of this section.

SECTION 2: The trustee may pay to or for the benefit of COLLIN so much or all of the income and principal of the trust as the trustee deems necessary or advisable from time to time for his health, maintenance in reasonable comfort, education (including postgraduate) and best interests, adding to principal any income not so paid.

SECTION 3: After COLLIN has reached the age of 30 years, she may withdraw any part or all of his trust at any time or times by written request delivered to the trustee.

No. 1011  P. 4    Oct. 26. 2006  3:51PM

SECTION 4: If COLLIN dies before receiving his trust in full, then upon COLLIN's death his trust shall be held in trust hereunder or distributed to or in trust for such appointee or appointees (including COLLIN's estate), with such powers and in such manner and proportions as COLLIN may appoint by his will making specific reference to this power of appointment. The trustee may rely upon an instrument admitted to probate in any jurisdiction as COLLIN's will or may assume that the power of appointment was not exercised if, within 3 months after COLLIN's death, the trustee has no actual notice of a will which exercises the power.

SECTION 5: Upon COLLIN's death any part of his trust not effectively appointed shall be distributed per stirpes to his then living descendants, or if none, then per stirpes to my then living descendants, subject to postponement of possession as provided below, except that each portion otherwise distributable to a descendant of mine for whom a trust is then held hereunder shall be added to that trust. Any part of the child's trust not effectively disposed of by the foregoing shall be distributed to my heirs-at-law, the heirs-at-law and the proportions which they shall respectively take to be determined according to the present laws of descent of the State of Illinois as if I had died at that time and unmarried.

SECTION 6: Each share of the trust estate which is distributable to a beneficiary who has not reached the age of 21 years shall immediately vest in the beneficiary, but the trustee

3

shall establish with the share a custodianship for the beneficiary under a Uniform Transfers or Gifts to Minors Act.

SECOND: The following provisions shall apply to the trust estate and to each trust under this agreement:

SECTION 1: The interests of beneficiaries in principal or income shall not be subject to the claims of any creditor, any spouse for alimony or support, or others, or to legal process, and may not be voluntarily or involuntarily alienated or encumbered. This provision shall not limit the exercise of any power of appointment.

SECTION 2: For convenience of administration or investment, the trustee may hold separate trusts as a common fund, dividing the income proportionately among them, assign undivided interests to the separate trusts, and make joint investments of the funds belonging to them. The trustee may consolidate any separate trust with any other trust with similar provisions for the same beneficiary or beneficiaries.

SECTION 3: The trustee shall have the following powers in addition to those now or hereafter conferred by the statutes of Illinois upon the trustee of an Illinois trust:

(a) To retain any property originally constituting the trust or subsequently added thereto, and to invest and reinvest the trust property in bonds, stocks, mortgages, notes, bank deposits, options, futures, limited partnership interests, shares of registered investment companies and real estate investment trusts, or other property of any kind, real or

4

DETTERBECK    PAGE 05

personal, domestic or foreign; the trustee may retain or make any investment without liability, even though it is not of a type, quality, marketability or diversification considered proper for trust investments;

(b) To borrow money from a trustee hereunder individually;

(c) To distribute income and principal in cash or in kind, or partly in each, and to allocate or distribute undivided interests or different assets or disproportionate interests in assets, and no adjustment shall be made to compensate for a disproportionate allocation of unrealized gain for federal income tax purposes; to value the trust property and to sell any part or all thereof in order to make allocation or distribution; no action taken by the trustee pursuant to this paragraph shall be subject to question by any beneficiary;

(d) To determine in cases not covered by statute the allocation of receipts and disbursements between income and principal, except that (i) if the trust is beneficiary or owner of an individual account in any employee benefit plan or individual retirement plan, income earned after death in the account shall be income of the trust, and if the trustee is required to pay all trust income to a beneficiary, the trustee shall collect and pay the income of the

5

account to the beneficiary at least quarterly (and to the extent that all income cannot be collected from the account, the deficiency shall be paid from the principal of the trust), and (ii) reserves for depreciation shall be established out of income only to the extent that the trustee determines that readily marketable assets in the principal of the trust will be insufficient for any renovation, major repair, improvement or replacement of trust property which the trustee deems advisable; and

(e) To inspect and monitor businesses and real property (whether held directly or through a partnership, corporation, trust or other entity) for environmental conditions or possible violations of environmental laws; to remediate environmentally-damaged property or to take steps to prevent environmental damage in the future, even if no action by public or private parties is currently pending or threatened; to abandon or refuse to accept property which may have environmental damage; the trustee may expend trust property to do the foregoing, and no action or failure to act by the trustee pursuant to this paragraph shall be subject to question by any beneficiary.

The trustee shall not lend trust property to my spouse or me, directly or indirectly, without adequate interest and adequate

security. The trustee shall not use the income or principal of the trust estate to pay premiums on policies of insurance on the life of my spouse or me.

SECTION 4: The trustee shall render an account of trust receipts and disbursements and a statement of assets at least annually to each adult beneficiary then entitled to receive or have the benefit of the income from the trust. An account is binding on each beneficiary who receives it and on all persons claiming by or through the beneficiary, and the trustee is released, as to all matters stated in the account or shown by it, unless the beneficiary commences a judicial proceeding to assert a claim within five years after the mailing or other delivery of the account. The trustee shall be reimbursed for all reasonable expenses incurred in the management and protection of the trust, and any corporate trustee shall receive compensation for its services in accordance with its schedule of fees in effect from time to time. The trustee's regular compensation, if any, shall be charged half against income and half against principal, except that the trustee shall have full discretion at any time or times to charge a larger portion or all against income.

SECTION 5: The trustee in his discretion may terminate and distribute any trust hereunder if the trustee determines that the costs of continuance thereof will substantially impair accomplishment of the purposes of the trust. The trustee shall terminate and forthwith distribute any trust created hereby, or by exercise of a power of appointment hereunder, and still held 21 years after the death of the last to die of myself and the

7

DETTERBECK

beneficiaries in being at the date of this agreement. Distribution under this section shall be made to the persons then entitled to receive or have the benefit of the income from the trust in the proportions in which they are entitled thereto, or if their interests are indefinite, then in equal shares.

SECTION 6: Any trustee may resign at any time by written notice to each beneficiary then entitled to receive or have the benefit of the income from the trust. In case of the death, resignation, refusal or inability to act of both of the individuals originally named to act as trustee, then the last individual then acting as trustee shall appoint a successor trustee, and if he fails to do so, the beneficiary or a majority in interest of the beneficiaries then entitled to receive or have the benefit of the income from the trust shall appoint a successor trustee. In no event shall a beneficiary, my wife or I be appointed a successor trustee.

Every successor trustee shall have all the powers given the originally named trustee. No successor trustee shall be personally liable for any act or omission of any predecessor. With the approval of the beneficiary or a majority in interest of the beneficiaries then entitled to receive or have the benefit of the income from the trust, a successor trustee may accept the account rendered and the property received as a full and complete discharge to the predecessor trustee without incurring any liability for so doing.

No trustee wherever acting shall be required to give bond or surety or be appointed by or account for the administration of any trust to any court.

SECTION 7: The benefits of this agreement are in addition to and not in substitution for any legal obligation of any person to a beneficiary, and the trustee may not use trust property to satisfy his legal obligations.

SECTION 8: The parent or legal representative of a beneficiary under disability shall receive notice and have authority to act for the beneficiary under this agreement, except that in no event shall I so act.

THIRD: The law of Illinois shall govern the validity and interpretation of the provisions of this agreement.

FOURTH: I or any other person may transfer or bequeath to the trustee additional property acceptable to the trustee, to be held under this agreement, and may designate the trust to which the property shall be added.

FIFTH: This agreement shall not be subject to amendment or revocation.

9

IN WITNESS WHEREOF, I, KEVIN P. MURPHY, MICHAEL MURPHY and LESTER G. DETTERBECK have signed this agreement the day and year first above written.

_____
KEVIN P. MURPHY, Settlor

_____
MICHAEL MURPHY, Trustee

_____
LESTER G. DETTERBECK, Trustee

10

10/20/2006 10:03 8079916511 DETTERBECK PAGE 12

# THE COLLIN MURPHY TRUST

## Schedule

.72 shares of the Class B, non-voting common stock of Hydra-Stop, Inc.

x:\WP51\WILLS\MURPHY\MURPHY-C.TRT

11